# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**BRYAN ULYSSES MARTINEZ,**
**a/k/a "Poloh,"**

**Defendant.**

**Case No. 24-CR-045-GKF-03**

## Plea Agreement

The United States of America, by and through Clinton J. Johnson, United States Attorney for the Northern District of Oklahoma, and Kenneth Elmore, Assistant United States Attorney, and the defendant, BRYAN ULYSSES MARTINEZ, in person and through counsel, Tracy Tiernan, respectfully inform the Court that they have reached the following plea agreement.

### 1. Plea

The defendant agrees to enter voluntary pleas of guilty to the following:

**COUNT ONE: 18 U.S.C. § 933(a)(3) and (b) – Conspiracy and Attempt to Traffick Firearms**

**COUNT ELEVEN: 18 U.S.C. § 1952(a)(2) – Interstate Travel to Aid Racketeering**

as set forth in the Second Superseding Indictment in the instant case, Northern District of Oklahoma, and admits to being in fact guilty as charged in the counts to which the defendant is pleading guilty.

2. **Waiver of Constitutional Rights**

The defendant understands that, by pleading guilty, the following constitutional rights will be relinquished:

a. the right to be indicted if proceeding by Information;

b. the right to plead not guilty;

c. the right to be tried by a jury, or, with the consent of the government, to be tried by a judge;

d. the right to an attorney at trial, including a court-appointed attorney if the defendant could not afford an attorney;

e. the right to assist in the selection of the jury;

f. the right to be presumed innocent, and to have the jury instructed that the government bears the burden to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict;

g. the right to confront and cross-examine witnesses against the defendant;

h. the right to testify on their own behalf and present witnesses in their defense;

i. the right not to testify, and to have the jury instructed that the decision not to testify could not be used against the defendant;

j. the right to appeal a guilty verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges;

k. the right to have a jury determine beyond a reasonable doubt any facts that could increase any mandatory minimum or maximum sentence; and

l. any rights and defenses under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

By pleading guilty, the defendant will be giving up all of these rights. By pleading guilty, the defendant understands that they may have to answer questions posed by the Court, both about the rights that the defendant will be giving up and the factual basis for the defendant's plea.

**3. <u>Appellate and Post-Conviction Waiver</u>**

In consideration of the promises and concessions made by the government in this plea agreement, the defendant knowingly and voluntarily agrees to the following terms:

a. The defendant waives rights under 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a) to directly appeal the conviction and sentence, including any fine, assessment, forfeiture, restitution order, term or condition of supervised release, or sentence imposed upon a revocation of supervised release; except that the defendant reserves the right to appeal from a sentence that exceeds the statutory maximum;

b. The defendant expressly acknowledges and agrees that the government reserves all rights to appeal the sentence;

c. The defendant waives the right to appeal from the district court's denial of any post-conviction motion to reduce the term of supervised release or probation under 18 U.S.C. §§ 3583(e)(1) or 3564(c); and

d. The defendant waives the right to collaterally attack the conviction and sentence under 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except for claims of ineffective assistance of counsel.

The defendant expressly acknowledges that counsel has explained his appellate and post-conviction rights; that the defendant understands his rights; and that the defendant knowingly and voluntarily waives those rights as set forth above.

Bryan Martinez
**BRYAN ULYSSES MARTINEZ**

**4. Departure and Variance Waiver**

In consideration of the promises and concessions made by the government in this plea agreement, the defendant knowingly and voluntarily agrees not to request, recommend, or file a sentencing memorandum or a variance or departure motion seeking a sentence below the applicable Guidelines range.

**5. Freedom of Information Act Waiver**

The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**6. Rule 11 Rights Waiver**

The defendant knowingly and expressly waives all the rights afforded under Rule 11(f) of the Federal Rules of Criminal Procedure. Therefore, in any subsequent proceeding, including a criminal trial, the following shall be admissible against the defendant under Rule 801(d)(2)(A) of the Federal Rules of Evidence:

a. A guilty plea which is later withdrawn or that the defendant seeks to withdraw;

b. The facts that the defendant has admitted under this plea agreement, as well as any facts to which the defendant admits in open court at the plea hearing, and any statement made in any proceeding under Rule 11 regarding this plea agreement; and

c. Any statement made during plea discussions with an attorney or agent for the government, or that were made pursuant to a proffer letter agreement, that resulted in a plea of guilty that is later withdrawn.

**7. Payment of Monetary Penalties**

a. *Enforcement*

1) The defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613.

2) The defendant understands and agrees that under 18 U.S.C. § 3613 any monetary penalties or restitution imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule is a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

3) The defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court.

4) The defendant agrees that any unpaid obligations will be submitted to the United States Treasury for offset, so that any federal payment or transfer of returned property the defendant receives may be applied to federal debts and will not be limited by a payment schedule.

5) The defendant agrees that any restitution debt may not be discharged in any bankruptcy proceeding.

b. *Disclosure of Financial Information*

1) The defendant agrees to provide complete information regarding all victims potentially entitled to restitution.

2) The defendant agrees to provide truthful and complete financial information, as requested by the United States Probation Office for the preparation of the presentence report.

3) The defendant agrees to complete, under penalty of perjury, the required financial statement form not later than two weeks after the defendant enters a guilty plea. The defendant agrees to update any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

4) The defendant agrees to submit, before and after sentencing, to depositions and interviews regarding the defendant's financial status, as deemed necessary by the United States Attorney's Office.

5) The defendant authorizes the United States Attorney's Office to obtain the defendant's credit report. The defendant also agrees to provide waivers, consents, or releases, valid for 120 days after sentencing, to allow the U.S. Attorney's Office to access records to verify financial information.

6) The defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

7) The defendant's failure to timely and accurately complete and sign the financial statement, and any necessary updates, may, in addition to any other penalty or remedy, constitute a failure to accept responsibility under U.S.S.G § 3E1.1.

**8. Abandonment Agreement**

Defendant agrees to abandon all interest in and rights or claims, to, if any, the property described below in order that final disposition may be made by the appropriate federal, state or local law enforcement agency, and agrees not to oppose

any civil, administrative, or judicial forfeiture of the property. The property to be abandoned includes but is not limited to:

**FIREARMS AND AMMUNITION**

1. A Romarm/Cugir, Micro Draco, 7.62 x 39mm pistol, serial number PMD-18291-20;
2. A Walther, IWI Uzi, .22 caliber rifle, serial number WI018714;
3. A Glock, Model 19, 9 x 19mm caliber pistol, serial number BTWU743;
4. A Glock, Model 27 Gen 4, .40 caliber pistol, serial number XRG993; and
5. A Palmetto State Armory, Dagger Compact, 19 x 9mm pistol, serial number JJE37863.

Defendant specifically waives any right to personal notice of intention to abandon the property and any right to challenge the disposition of the property under Federal law.

Defendant further waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any judicial or administrative forfeiture or abandonment carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

Defendant agrees that in the event this plea agreement is voided for any reason, the agreement for abandonment and disposition of the property listed above shall survive and shall be given full force and effect.

**9. Special Assessment**

a. The defendant hereby agrees to pay the total Special Monetary Assessment ($100 per felony count) to the United States District Court Clerk at or before sentencing or as otherwise directed by the District Court.

**10. Factual Basis and Elements**

To convict defendant under 18 U.S.C. § 933(a)(3) and (b), the government must prove the following elements beyond a reasonable doubt:

a. That the defendant knowingly agreed or conspired with at least one other person to ship, transport, transfer, cause to be transported or dispose of a firearm to another person in or otherwise affecting interstate commerce,

b. That the defendant knew or had reasonable cause to believe that the use, carrying, or possession of the firearms by the recipient would constitute a felony, specifically 18 U.S.C. § 922(g)(1);

c. That the defendant knew of the unlawful purpose of the agreement and joined in it willfully, that is, with intent to further its unlawful purpose;

d. There was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

With regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

To convict defendant under 18 U.S.C. § 1952(a)(2), the government must prove the following elements beyond a reasonable doubt:

a. The defendant traveled in interstate or foreign commerce,

b. The defendant did so with the intent to commit a crime of violence to further unlawful activity, namely, Robbery with a Dangerous Weapon, the elements of which are

(1) Wrongful;
(2) Taking;
(3) Carrying away;
(4) Personal property;
(5) Of another;
(6) From the person of another;
(7) By force/fear;
(8) Through use of a loaded firearm
*OUJI CR 4-144*

c. Thereafter the defendant did attempt to commit a crime of violence, a robbery, to further unlawful activity.

With regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

The defendant, BRYAN ULYSSES MARTINEZ, admits to knowingly, willfully and intentionally committing or causing to be committed the acts constituting the crimes alleged in Counts One and Eleven in the instant case, and confesses to the Court that the defendant is, in fact, guilty of such crimes.

I, BRYAN ULYSSES MARTINEZ, admit that I committed the crimes of Conspiracy and Attempt to Traffic Firearms and Interstate Travel in



B.M
Defendant's Initials

Aid of Racketeering Enterprises, from on or about September 10, 2023, through on or about September 16, 2023.

Specifically, on or about September 10, 2023, I was a member of a group of individuals whose purpose was to commit unlawful activity that included distribution of narcotics and controlled substances. I conspired with others to transport firearms in interstate commerce from Arkansas to Tulsa, Oklahoma. The firearms were brought to 2009 S. Cherokee St., Catoosa, Oklahoma, which is within the Northern District of Oklahoma, because a member of a group I belonged to that sold and distributed drugs was robbed by a rival group. The firearms were distributed to prohibited persons and to facilitate an illegal act. ~~At the time I was a prohibited person from possessing a firearm~~. FT B.M KM

On September 15, 2023, I drove from Arkansas to Oklahoma and met members of the group with the intent to travel to Tulsa, Oklahoma, to retaliate for the robbery on September 10, 2023. Firearms, body armor, and masks were distributed amongst the group before leaving for Tulsa. The firearms were distributed to others I knew to be felons or otherwise prohibited individuals.

The group traveled in two separate cars with firearms to various houses in Tulsa, Oklahoma, looking for the homes of the rival group to rob or harm them. Multiple firearms were within easy reach of everyone in the Dodge Charger I was traveling in. The group drove with the firearms to 321 E. Reconciliation Way, Tulsa, Oklahoma, which is across from a nightclub we knew members of the rival group frequented. We intended to rob or commit other crimes of violence against the rival group in furtherance of our group's unlawful activities, specifically, the distribution of narcotics and controlled substances. The houses and nightclub we traveled to are within the Northern District of Oklahoma.

Bryan Martinez
BRYAN ULYSSES MARTINEZ
Defendant

B.M 10-5-24
Date

## 11. **Further Prosecution**





B.M
Defendant's Initials

The United States shall not initiate additional criminal charges against the defendant in the Northern District of Oklahoma that, as of the date of the defendant's acceptance of this agreement, arise from its investigation of the defendant's actions and conduct giving rise to the instant Second Superseding Indictment. The defendant understands, however, that this obligation is subject to all "Limitations" set forth below, and that the United States Attorney's Office for the Northern District of Oklahoma is free to prosecute the defendant for any illegal conduct (*i.e.*, violation of federal criminal laws) not discovered by or revealed to the government before the date of this agreement or occurring after the date of this agreement.

**12. Dismissal of Remaining Counts**

If the Court finds the defendant's pleas of guilty to be freely and voluntarily made and accepts the pleas, then the United States will move, at the appropriate time, to dismiss the remaining counts in the instant case, if any, as to this defendant.

If the defendant's guilty pleas are rejected, withdrawn, vacated, or reversed at any time, any charges that have been dismissed may be reinstated or re-presented to a grand jury, and the government will be free to prosecute the defendant for all charges. Under these circumstances, the defendant waives any right to argue that the Double Jeopardy clause bars the defendant's federal prosecution, as well as any objections, motions, or defenses based upon the applicable statute of limitations, the

Speedy Trial Act, or constitutional restrictions as to the timeliness of any renewed charges.

**13. Acceptance of Responsibility**

Provided the defendant clearly demonstrates acceptance of responsibility, the government agrees to recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1. The government agrees to file a motion recommending that the Court grant an additional one-level reduction under U.S.S.G. § 3E1.1(b), if the defendant's Guidelines offense level qualifies him for such a reduction. The sentencing judge is in a unique position to evaluate the acceptance of responsibility, and the Court will ultimately decide whether to apply any § 3E1.1 reduction for timely acceptance of responsibility.

Any agreement to recommend an acceptance-of-responsibility reduction is contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the government. If the defendant (1) falsely denies, or makes conflicting statements as to, his involvement in the crimes to which he is pleading, (2) falsely denies or frivolously contests conduct that the Court determines to be relevant conduct as defined in USSG § 1B1.3, (3) willfully obstructs or attempts to obstruct or impede the administration of justice as defined in USSG § 3C1.1, (4) perpetrates or attempts to perpetrate crimes while awaiting sentencing, or (5) advances false or frivolous issues in mitigation, the government expressly reserves

the right to withdraw any recommendation regarding acceptance of responsibility without breaching the agreement.

**14. Sentence**

a. *Imprisonment*

The defendant acknowledges that under 18 U.S.C. § 933(a) and (b) the maximum statutory sentence is 15 years of imprisonment and a fine of not more than $250,000.

The defendant acknowledges that under 18 U.S.C. § 1952(a)(2) the maximum statutory sentence is 20 years of imprisonment and a fine of not more than $250,000.

b. *Supervised Release*

Additionally, the defendant is aware, if imprisonment is imposed, that the Court may include as part of the sentence a requirement that after imprisonment the defendant be placed on a term of supervised release of no more than 3 years per Count. Violation of any condition of supervised release may result in revocation, or modification of the conditions, of supervised release, which may in turn result in additional incarceration consistent with 18 U.S.C. § 3583(e).

c. *Guidelines*

The defendant is aware that the Sentencing Guidelines are advisory. The Court, while not bound to apply the Sentencing Guidelines, must consult those Guidelines and take them into account when sentencing.



Revised 05-21-24

B.M
Defendant's Initials

The defendant is further aware that the Court determines the sentence, that the Court has not yet done so, and that any estimate of the sentence – received from any source – is a prediction, not a promise. Regardless of any estimate the defendant has received, the Court has discretion to impose any sentence up to and including the statutory maximum.

**15. Stipulations**

The defendant and the United States agree and stipulate to the following facts:

The defendant understands that neither the Court nor the United States Probation Office is bound by the foregoing stipulations, either as to questions of fact or as to determination of the correct advisory sentencing guideline calculation.

Having been fully apprised by defense counsel of the right to seek compensation pursuant to Public Law 105-119, the defendant **WAIVES** any and all such right, and stipulates that defendant is not a "prevailing party" in connection with this case.

**16. Limitations**

This plea agreement shall be binding and enforceable upon the Office of the United States Attorney for the Northern District of Oklahoma, but in no way limits, binds or otherwise affects the rights, powers, duties or obligations of any state or local law enforcement agency, administrative or regulatory authorities, civil or administrative enforcement, collection, bankruptcy, adversary proceedings or suits which have been or may be filed by any governmental entity, including without

limitation, the Internal Revenue Service, the Tax Division of the Department of Justice and the trustee in bankruptcy.

**17. Breach of Agreement**

In the event either party believes the other has failed to fulfill any obligations under this agreement, then the complaining party shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations herein. The Court shall determine whether a party has completely fulfilled all its obligations under this agreement in an appropriate proceeding at which any disclosures and documents provided by either party shall be admissible and at which the complaining party shall be required to establish any breach by a preponderance of the evidence. If the Court determines that the defendant has breached the plea agreement, the government may declare this agreement null and void, and the defendant will be subject to prosecution for any criminal violation, including but not limited to any crimes or offenses contained in or relating to the charges in this case, as well as false statement, obstruction of justice, or any other crime committed by the defendant during this prosecution.

The defendant hereby **WAIVES** any right under Rule 11(d) and (e) of the Federal Rules of Criminal Procedure to withdraw from the guilty plea or this agreement, save and except if the Court determines that the government has breached the plea agreement as set forth above. If BRYAN ULYSSES MARTINEZ, after entry of a plea of guilty, unsuccessfully attempts to withdraw that guilty plea, the government





B.M
Defendant's Initials

may continue to enforce the agreement but will no longer be bound by any particular provision in this agreement, unless the Court determines that the government acted in bad faith to bring about the attempted plea withdrawal.

**18. Conclusion**

No agreements, representations or understandings have been made between the parties in this case, other than those which are explicitly set forth in this plea agreement and the Plea Agreement Supplement that the United States will file in this case (as it does in every case, even if there are no additional terms) and none will be entered into unless executed in writing and signed by all of the parties.

SO AGREED:

CLINTON J. JOHNSON
UNITED STATES ATTORNEY

KENNETH ELMORE
Assistant United States Attorney

11-5-24
Dated

TRACY TIERNAN
Attorney for Defendant

11-5-24
Dated

Bryan Martinez
BRYAN ULYSSES MARTINEZ
Defendant

11-5-24
Dated





B.M
Defendant's Initials

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

Bryan Martinez — 11-5-24

BRYAN ULYSSES MARTINEZ
Defendant

Dated

I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Second Superseding Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

11-5-24

TRACY TIERNAN
Counsel for the Defendant

Dated





B.M
Defendant's Initials